■ SUMITOMO BANK OF NEW YORK TRUST COMPANY, Respondent, v TOWN OF NORTH HEMPSTEAD et al., Appellants, et al., Defendant. [654 NYS2d 654] —In an action, inter alia, to recover damages for breach of contract, the defendants Town of North Hempstead and Town of North Hempstead Solid Waste Management Authority appeal, as limited by their brief and by letter dated January 8, 1997, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), entered October 4, 1995, as denied that branch of their cross motion which sought to compel discovery of documents from the files of certain noteholders and to produce a representative of each of the noteholders for an examination before trial.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

"It is well settled that the supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court * * * and, absent an improvident exercise of that discretion, its determination will not be disturbed" (Kaplan v Herbstein, 175 AD2d 200; see also, Matter of U.S. Pioneer Elec. Corp. [Nikko Elec. Corp.], 47 NY2d 914, 916; City of Mount Vernon v Lexington Ins. Co., 232 AD2d 358). We conclude that the Supreme Court did not improvidently exercise its discretion in denying that branch of the appellants' cross motion which sought to compel discovery of documents from the files of certain noteholders and to produce a representative of each of the noteholders for an examination before trial.

The appellants have informed this Court that the parties have resolved their dispute concerning the interrogatories at issue on appeal. Therefore, we do not consider the contentions of the parties concerning that issue on appeal. O'Brien, J. P., Joy, Friedmann and Florio, JJ., concur.